IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUKE WHITEHEAD,

                Plaintiff,                              ORDER

    v.

                                                          22-cv-54-wmc

DAVE MAHONEY, NURSE MIKE, NURSE MINDY,
NICOLE SARBACKER, SALAM SYED, LAURA SUKOWATY,
AND NURSE BRENDA

                Defendant.

---

After discovering grievances showing that plaintiff Luke Whitehead had exhausted his claims related to the Dane County Jail's hepatitis C ("HCV") testing and gabapentin access policies, former Dane County Sheriff Dave Mahoney has moved to withdraw his motion for partial summary judgment based on a failure to exhaust those claims. (Dkt. #85, at 1.) However, Mahoney now appears to want to move for partial summary judgment to the extent plaintiff seeks to pursue claims related to the jail's alleged communal clipper policy, if any. (*Id.*)

In the court's screening order, the court granted Whitehead leave to proceed against Doe 6 (Mahoney) in his individual capacity for his involvement in implementing and carrying out Dane County Jail's gabapentin access and HCV testing policies. (Dkt. #26, at 5.) Still, despite the court not addressing whether Whitehead could proceed against Mahoney on a clipper-policy-based claim, Whitehead had also alleged that Doe 6 was in charge of jail administration or daily operation of the jail and had significant input into its policies and procedures about using communal hair clippers without disinfectant, which contributed to the spread of HCV in the jail. (Am. Compl. (dkt. #21-1) ¶ 53.)

Moreover, Mahoney notes that, in Whitehead's discovery requests seeking to identify Doe 6, he also asserted that Doe 6 would have been responsible for jail policy and procedure regarding communal clippers and disinfectant. (Dkt. #59, at 3.)

After reconsidering plaintiff's allegations, the court agrees he may proceed on a claim based on Mahoney's alleged involvement in implementing and carrying out the policy of using communal, uncleaned clippers to cut inmates' hair. *See Ayoubi v. Dart*, No. 13 C 8983, 2017 WL 242614, at *5 (N.D. Ill. Jan. 17, 2017) ("jail policies related to keeping uninfected inmates safe from communicable diseases may be challenged on constitutional grounds"). Accordingly, Mahoney may also have leave to move for partial summary judgment for lack of exhaustion, as to plaintiff's clipper-policy claim. Given that the court just now formally allowed plaintiff to proceed against Mahoney on that claim, defendant may have until September 16, 2024, to file any additional exhaustion motion on this ground.

## ORDER

IT IS ORDERED that:

1) Plaintiff Luke Whitehead is GRANTED leave to proceed on constitutional claims about access to gabapentin, HCV testing, and clipper use policies against defendant former Dane County Sheriff Dave Mahoney.

2) Defendant Mahoney's motion for summary judgment (dkt. #62) is STRUCK.

3) Defendant Mahoney has until September 16, 2024, to file a renewed motion for summary judgment.

Entered this 20th day of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge