IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LUKE WHITEHEAD,

           Plaintiff,

  v.

NURSE MIKE, NURSE MINDY,
NICOLE SARBACKER, SALAM SYED,
LAURA SUKOWATY, and NURSE BRENDA,

           Defendants.

ORDER

22-cv-54-wmc

*Pro se* plaintiff Luke Whitehead was previously granted leave to proceed with his Eighth Amendment claims based on: (1) Drs. Salam Syed and Laura Sukowaty having a policy prohibiting inmates from accessing prescribed medication; (2) Nurses Nicole Sarbacker, Malinda Kleehman ("Nurse Mindy"), and Nurse Brenda for ignoring the need for intervention with his panic attacks and anxiety; and (3) claims arising from his concern about HCV exposure against Michael Hollman and Drs. Syed and Sukowaty. (Dkt. #26.)[1] However, this case has been stayed since December 2024 upon entry of bankruptcy proceedings by Wellpath, the erstwhile employer of certain named defendants. Because plaintiff opted out of the bankruptcy plan's third-party release, the stay in this case is now lifted and the case will proceed.[2]

---

[1] On September 24, 2025, all claims against Defendant Dave Mahoney were dismissed. (Dkt. #170.) The court addresses only the claims against the remaining defendants here.

[2] Specifically, plaintiff has filed a motion for an update on the status of the bankruptcy case, noting that he believes that the automatic stay has been lifted because he opted out of the releases in the bankruptcy plan. (Dkt. #166.) In support, he attaches an order from the U.S. Bankruptcy Court for the Southern District of Texas stating that plaintiff has timely opted out of the third-party releases in the bankruptcy plan. Thus, the bankruptcy stay is lifted, and the court will hold a scheduling conference as soon as practicable.

This opinion and order addresses the following, still pending motions: (1) plaintiff's motion for leave to amend his complaint to add certain claims (dkt. #156); (2) defendant Michael Hollman's motion for summary judgment on the grounds of exhaustion (dkt. #66), and plaintiff's related motions for a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (dkts. ##118, 123); (3) plaintiff's construed motion for assistance in recruiting counsel (dkt. #148); and (4) plaintiff's motion for a status update on the effect of the Wellpath bankruptcy on this case (dkt. #166). The court addresses each of these motions in turn below.

OPINION

I. Motion to Amend Complaint

Plaintiff has filed a motion to amend his complaint, asking to: (1) add a conditions-of-confinement claim based on the "widespread practice of not only denying testing for but also [not] providing any information on [Hepatitis C]"; and (2) add a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), against the Sheriff's Office and Dane County based on their policy or custom of denying Hepatitis C testing. (Dkt. #156.) This court has already allowed plaintiff leave to proceed on his deliberate indifference claims under the Eighth Amendment based on defendants' alleged failure to test him for Hepatitis C. Thus, his claim would gain "nothing by attracting additional constitutional labels," *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005), and the court will not allow him to add an essentially duplicative conditions-of-confinement claim based on the same conduct.

2

However, the court will allow plaintiff to proceed on his *Monell* claim against Dane County having now alleged in his amended complaint that the County had a policy or custom of denying inmates access to Hepatitis C testing.³ (Am. Compl. (dkt. #21-1) ¶ 50.) Although this court would normally not allow such a belated amendment, Wellpath's bankruptcy has essentially frozen this case since December 2024, and the deadline in this case must be reset in a scheduling conference regardless. Thus, any prejudice to Dane County (or the other defendants) by its late addition to this case should be minimal.

**II. Motion for Summary Judgment on Exhaustion Grounds**

Defendant Nurse Mike (dkt. #66) has also moved for summary judgment for failure to exhaust. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought ... under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a), *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S.

---

³ In contrast, plaintiff may *not* proceed against the Sheriff's Office on this claim, since it "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

3

81, 88-89 (2006). Because a prisoner's failure to exhaust constitutes an affirmative defense, however, defendants bear the burden of proof. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). Thus, at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

At times relevant to this case, Dane County Jail Policy 607.07 set the proper way for an inmate to file grievances. (Dkt. #64-1.) That policy allows an inmate five working days to submit an initial grievance form, and prison staff have ten business days to respond to the grievance. (*Id.* at 2-3.) If an inmate is dissatisfied with the response, he has five business days to appeal that decision, with prison staff then having ten days to respond to the inmate's appeal. (*Id.* at 3-4.)

Defendant Hollman argues that he is entitled to summary judgment because plaintiff's grievances focused on the Dane County Jail's alleged policy of not testing for Hepatitis C without identifying any wrongdoing on his part.[4] Specifically, in Grievance Number 26070, plaintiff complains that he had requested a Hepatitis C test, but staff responded that such a test was not provided at the Dane County Jail. (Dkt. #64-2, at 1.) Plaintiff further explained that jail medical staff were aware that he was an intravenous

---

[4] Defendant Kleeman also moved for summary judgment on exhaustion grounds regarding her alleged refusal to provide plaintiff with gabapentin (dkt. #67), and Drs. Syed and Sukowaty joined her motion. (Dkts. ##83, 84.) In their reply brief, however, defendants represented that they later discovered grievances showing that plaintiff *had* exhausted his claims as to his gabapentin-based claims. (Dkt. #97, at 2.) Accordingly, defendants Kleeman, Syed and Sukowaty withdrew their motion as to those claims. (*Id.*)

4

drug user and high-risk for Hepatitis C infection. (*Id.*) In particular, plaintiff noted that he spoke with Nurse Mike about this issue during his 10-day check-up. (*Id.* at 2.) A prison staffer apparently denied plaintiff's grievance, explaining that Hepatitis C testing was not provided *unless* the patient was symptomatic. (*Id.*) Prison records do not show that plaintiff appealed that denial.

In December 2018, plaintiff submitted Grievance Number 033773603, complaining for a second time that the jail did not conduct hepatitis testing. (Dkt. #86-1, at 31-32.) Plaintiff again indicated that he had "[r]equested [a] test from medical," and referenced his previous grievances. (*Id.* at 31.) A prison staffer denied this grievance as well, explaining that it was up to physicians when to test for hepatitis. (*Id.* at 32.) This time, Whitehead appealed, adding that he had "requested hepatitis testing during my medical screening when TB test was administered and HIV testing was offered." (*Id.*) Nevertheless, prison staff denied his appeal, explaining that physicians would conduct hepatitis testing when it was clinically indicated, and that he should fill out a medical request slip. (*Id.*)

Here, defendants have not established that there is no genuine dispute of material fact as to plaintiff's failure to exhaust. In Grievance Number 26070, plaintiff complained that he had not received a Hepatitis C test, and noted that he had spoken with Hollman about the issue during his ten-day check-up. (Dkt. #64-2, at 2.) Further, while prison records show that plaintiff did not appeal this complaint, plaintiff asserts that he *did* appeal, and that defendants are now refusing to release the appeal. (Dkt. #89, at 1.) However,

5

the court need not resolve that dispute,[5] because Grievance Number 033773603 itself was sufficient to give defendants a fair opportunity to resolve his principal complaint. Specifically, in the latter grievance, plaintiff again complained that the jail did not conduct hepatitis testing that he had already "[r]equested test from medical," *and* he referenced his previous grievance. Plaintiff also appealed his latter grievance, in which he expressly "requested hepatitis testing during my medical screening when TB test was administered and HIV testing was offered." (Dkt. #86-1, at 31-32.)

Citing to *King v. Dart*, 63 F.4th 602 (7th Cir. 2023), Hollman nevertheless argues that plaintiff only grieved issues with the Jail's Hepatitis C testing policy, not with any alleged actions by Hollman himself. (Dkt. #67, at 7.) In *King*, the Seventh Circuit concluded the plaintiff did not give the jail adequate notice of his claim against a correctional officer because his grievance stated only that it was "medical staff," not any correctional officers, who were responsible for his injuries. *Id*. at 608. To the contrary, the claim suggested that the correctional officers had "fulfilled their duty to facilitate medical treatment for him." *Id*. In this case, unlike in *King*, Grievance Number 033773603 suggested that medical staff, which would presumably include Hollman, had *not* provided a Hepatitis C test. Accordingly, defendant Hollman has not met his burden of proof, and the court will deny his motion for summary judgment.

---

[5] Plaintiff moves for a *Pavey* hearing on whether he appealed Grievance Number 26070 (dkt. #118), but the court will deny that motion as unnecessary because the court is denying defendant Hollman's motion for summary judgment on that ground.

**III. Remaining Motion**

Finally, plaintiff moves for appointment of counsel, which the court construes as a motion for assistance in recruiting counsel. (Dkt. #148.) He asserts that he needs counsel to help him obtain medical records providing that he was positive for Hepatitis C in the spring of 2018. (*Id.*) The court will deny plaintiff's motion because he has not shown that the legal and factual difficulties of this case exceed his abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In general, plaintiff has ably litigated this case. For example, he made coherent arguments and cited evidence in opposition to Hollman's motion for summary judgment. (Dkt. #89.) Moreover, plaintiff asserts that he is struggling with discovery, but because of the bankruptcy stay, this court will reset the discovery deadlines and provide him with a new pretrial conference order, which will explain the discovery process. He should also take full advantage of that hearing to arrange for receipt of his medical records still held by defendant Dane County or to obtain health records through a HIPAA request. Still, the denial of this motion will be *without prejudice* to plaintiff's ability to renew this request later in this lawsuit, provided he makes a specific showing about why he needs an attorney to litigate this case.

ORDER

IT IS ORDERED that:

1) The bankruptcy stay previously entered in this case is LIFTED.

2) Plaintiff's motion for leave to file an amended complaint (dkt. #156) is GRANTED IN PART and DENIED IN PART as set forth above, and the clerk's office is DIRECTED to add Dane County as a defendant in this case.

3) The clerk of court is directed to ensure that the United States Marshals Service serves defendant Dane County with a copy of plaintiff's amended complaint (dkt. #21-1) and this order. Plaintiff should *not* attempt to serve defendant on his own at this time.

4) The court will hold a scheduling conference to reset the case schedule once defendant Dane County has answered.

5) Defendant Michael Hollman's motion for summary judgment (dkt. #66) is DENIED.

6) Plaintiff's motion for a *Pavey* hearing (dkts. ##118, 123) are DENIED.

7) Plaintiff's motion for assistance in recruiting counsel (dkt. #148) is DENIED without prejudice at this time.

Entered this 29th day of December, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge