IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LUKE WHITEHEAD,

                              Plaintiff,                              ORDER

        v.
                                                                      22-cv-54-wmc
NURSE MIKE, NURSE MINDY,
NICOLE SARBACKER, SALAM SYED,
LAURA SUKOWATY, and NURSE BRENDA,

                              Defendants.

---

*Pro se* plaintiff Luke Whitehead was previously granted leave to proceed with his Eighth Amendment claims based on: (1) Drs. Salam Syed and Laura Sukowaty having a policy prohibiting inmates from accessing prescribed medication; (2) Nurses Nicole Sarbacker, Malinda Kleehman ("Nurse Mindy"), and Nurse Brenda for ignoring the need for intervention with his panic attacks and anxiety; (3) claims arising from his concern about Hepatitis C exposure against Michael Hollman and Drs. Syed and Sukowaty; and (4) a *Monell* claim against Dane County for its alleged policy of denying HCV testing to persons in its jail.[1]  (Dkt. #26); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Plaintiff filed a motion to amend his complaint, asking to add a *Monell* claim against Wellpath, LLC, the healthcare defendants' employer, based on its alleged corporate policy of denying Hepatitis C testing to individuals in the Dane County Jail. (Dkt. #156.)

---

[1] On September 24, 2025, all claims against defendant Dave Mahoney were dismissed. (Dkt. #170.)  On January 9, 2026, all claims against defendant Dane County were dismissed.  (Dkt. #182.)

The court will allow plaintiff to proceed on his *Monell* claim against Wellpath, as his amended complaint sufficiently alleges that Wellpath had a policy or custom of denying inmates access to Hepatitis C testing that its employees were following. (Am. Compl. (dkt. #21-1) ¶¶ 22-24, 29, 31-33, 37, 39-41); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021).  Although this court would normally not allow an amendment this late, Wellpath's bankruptcy has essentially frozen this case since December 2024, and the deadlines in this case were reset only two weeks ago.  Thus, any prejudice to Wellpath (or the other defendants) by its late addition to this case should be minimal.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for leave to file an amended complaint (dkt. #185) is GRANTED, and the clerk's office is directed to add Wellpath, LLC as a defendant in this case.

2) The clerk of court is directed to ensure that the United States Marshals Service serves defendant Wellpath, LLC with a copy of plaintiff's amended complaint (dkt. #21-1) and this order. Plaintiff should *not* attempt to serve defendant on his own at this time.

3) Upon its answer, Wellpath, LLC must follow the scheduling order in this case (dkt. #187), and it may move to extend deadlines if needed.

Entered this 13th day of March, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2